JUDGE CROTTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

MARC GOLDBERG,

                      Plaintiff,

         v.

ERNEST K. JACQUET,

                      Defendant.
-----------------------------------------------------------X

Case No. _____

14 CV 1581

## COMPLAINT

Plaintiff Marc Goldberg ("Plaintiff" or "Mr. Goldberg"), by and through his attorneys, The Ottinger Firm, P.C., as and for his Complaint in this action against Ernest K. Jacquet ("Defendant" or "Jacquet"), hereby alleges as follows:

### NATURE OF THE CLAIMS

1. This is an action brought by Plaintiff against Defendant for declaratory, injunctive and equitable relief, as well as monetary damages, liquidated damages, punitive damages, and attorneys' fees and costs, to redress Defendant's violations of the New York Labor Laws, as well as violations of equitable quasi-contractual principles.

2. Defendant's conduct was intentional, knowing, malicious, willful, fraudulent, wanton and/or showed a reckless disregard for Mr. Goldberg, which warrants awards of liquidated and/or punitive damages, and which has caused and continues to cause him to suffer substantial economic and noneconomic damages, and harm to his professional and personal reputations.

## PARTIES

3. Plaintiff Marc Goldberg is a current employee of Defendant and has held the position of Vice President of Sales at Passport Brands, Inc. (formerly known as I.C. Isaacs & Company LP) in Manhattan, New York, since July 2007. Plaintiff resides in the State of Pennsylvania and, at all relevant times, met the definition of an "employee" under all applicable statutes.

4. Upon information and belief, Defendant Ernest K. Jacquet is resident of the Commonwealth of Massachusetts. Upon information and belief, at all relevant times Defendant is and/or was the owner, Chief Executive Officer, principal shareholder, Executive Chairman and/or managing member of Passport Brands, Inc. (the "Company"); formerly known as I.C. Isaacs & Company LP. At all relevant times, Defendant is and was in active control and management of the Company, and regulated all aspects of the employment of persons employed by the Company, including Plaintiff. At all relevant times, Defendant met the definition of "employer" under all applicable statutes.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is diversity of citizenship between Plaintiff, a resident of the State of Pennsylvania, and Defendant, a resident of the Commonwealth of Massachusetts, and this action involves a matter in controversy that exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Venue is proper in the United States District Court, Southern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## FACTUAL ALLEGATIONS

7. Mr. Goldberg commenced employment as a Sales Representative with the Company in 2000, and was promoted to the position of Vice President of Sales at the Company in July 2007.

8. Mr. Goldberg entered into a written agreement with the Company, dated July 2, 2007 (the "Contract"), to govern the terms and conditions of his employment as its Vice President of Sales.

9. Among other things, the Contract provided that Mr. Goldberg would receive an annual base salary in the amount of $325,000, together with anticipated *increases* above this initial floor.

10. The Contract also provided that Mr. Goldberg would receive equity compensation in the form of 40,000 restricted stock units pursuant to a grant agreement in the form annexed thereto, under which the restricted units were to convert into fully vested stock shares effective July 2010.

11. On or around November 16, 2010, Defendant acquired a majority stake in the Company. From this point of acquisition, Defendant assumed sole control and management of the Company and regulated the employment of persons employed by the Company, including Mr. Goldberg.

12. Upon Defendant's acquisition of a majority stake in the Company – and continuing on a near-monthly basis through June 2012, Defendant made unlawful monthly deductions from Mr. Goldberg's earned base salary to cover general business and operating costs, including overhead, of the Company, with the explicit promise that those monies – totaling approximately $116,500 – were nevertheless owed and would be repaid by an (ever-expanding) date certain.

13. Additionally, Defendant – in clear derogation of its prior and acknowledged agreement to the contrary – failed to comply with his obligation to grant Mr. Goldberg the 40,000 shares of restricted stock units as promised.

14. Beginning in July 2012, Defendant increased his unlawful deductions from Mr. Goldberg's bi-monthly wages by an amount equal to approximately one-fourth of his agreed-upon salary, with the withheld wages being applied to the Company's general business and operating costs.

15. More recently, from November 2013 through February 2014, Defendant increased the deductions from Mr. Goldberg's bi-monthly wages by an amount equal to approximately sixty percent (60%) of his agreed-upon salary, with the withheld wages, again, being applied to the Company's general business and operating costs.

16. In spite of these unlawful deductions by Defendant, Mr. Goldberg has continued to devote his full business time and attention to his duties and responsibilities to Defendant and the Company.

17. Despite to Mr. Goldberg's repeated communications with Defendant concerning both the unlawful deductions from his earned base salary to cover general business and operating costs, and Defendant's promises to make Mr. Goldberg whole for the same, Defendant has failed to pay the wages earned by and owed to Mr. Goldberg.

18. As a direct and proximate result of Defendant's violations of the New York Labor Laws, as well as violations of equitable quasi-contractual principles, Mr. Goldberg has suffered and continues to suffer substantial monetary and/or economic damages, including but not limited to, loss of past and future income.

## FIRST CAUSE OF ACTION
### (Unlawful withholding of wages under New York Labor Law)

19.  Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

20.  At all relevant times, Plaintiff was an "employee" within the meaning of the NYLL. Similarly, at all relevant times, Defendant was an "employer" within the meaning of the NYLL.

21.  Defendant was required to pay Plaintiff, as compensation for his employment, a salary that would be immune from reduction when reviewed by the Company on a no less frequently than annual basis.

22.  Plaintiff was later informed that his monthly salary would be subject to unlawful deductions and/or mandatory "kickbacks" in amounts of varying from approximately 33% to 50% cover general business operating expenses.

23.  Plaintiff's salary and the withheld amounts constitute "wages" within the meaning of the NYLL §§ 190 *et seq.*

24.  Defendant has refused to make the wage payments owed to Plaintiff and/or has unlawfully made deductions or taken "kick backs" from such wages in violation of NYLL §§ 190 *et seq.*

25.  As a result of the foregoing, Plaintiff has been denied wages required under the NYLL §§ 190 *et seq.*, and is entitled to an award of unpaid wages liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## SECOND CAUSE OF ACTION
### (Unjust Enrichment/Quantum Meruit)

26. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

27. As part of Defendant's effort to retain Mr. Goldberg's services throughout his tenure at Defendant, it made false statements indicating that Mr. Goldberg would be paid the wages unlawfully withheld by Defendant, and that the unlawful deductions were necessary should Mr. Goldberg desire to keep his employment at the Company.

28. Throughout his employment with Defendant, Plaintiff had exceptional years as Vice President of Sales that included increased revenues and profits for the Company, and he performed his duties diligently and in good faith.

29. Defendant benefited substantially from Mr. Goldberg's hard work and leadership throughout his employment with Defendant, and reaped substantial in revenues due to his efforts.

30. Based on the specific promises made to Mr. Goldberg with regard to the repayment of the unlawful deductions to which he had been subjected, and the threat of termination should he not abide by the unlawful monthly deductions, he reasonably expected that he would be compensated and repaid in full for his services.

31. Defendant has refused to pay Mr. Goldberg the salary that he had already earned during his employment and to which he was entitled at the time that Defendant made unlawful monthly deductions in amounts ranging from 33% to 50% to cover business expenses and operating costs, resulting in a gross injustice that would be contrary to equity and good conscience if Defendant's promises and obligations are not enforced.

32. As a direct result of Mr. Goldberg's reasonable and foreseeable reliance upon the promises made to him by Defendant, and Defendant's breach of its promises and obligations to

Plaintiff, Defendant has been unjustly enriched and Plaintiff has suffered, and continues to suffer, substantial damages.

### THIRD CAUSE OF ACTION
### (Promissory Estoppel)

33. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

34. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

35. As stated above, Defendant made numerous false representations to Plaintiff in an attempt to induce Plaintiff to accept and continue his employment with Defendant.

36. Defendant knew, or should have known, that these representations were false.

37. Defendant made, authorized, acquiesced in and/or ratified these false representations with scienter.

38. To the extent that any of these false statements constituted a future promise or expectation, Defendant made and authorized, acquiesced in and/or ratified such statements with a present intent not to fulfill them.

39. These false representations were made knowingly, or with a willful, wanton and reckless disregard for the truth, and were intended to deceive and defraud Plaintiff into remaining in employment with Defendant.

40. Plaintiff reasonably relied upon these representations regarding the repayment of unlawful deductions from his salary when he agreed to remain employed by Defendant from the initial deductions from his salary in November 2010 through the present.

41. Plaintiff repeatedly communicated with Defendant concerning repayment of the amounts owed to him. Defendant knew, or reasonably should have known, that he possessed

7

superior knowledge and information concerning the payment of Plaintiff's salary deduction repayments and/or continued employment with the Company and that Plaintiff would rely upon these false representations in agreeing to remain employed by Defendant.

42. Plaintiff was ignorant as to the falsity of Defendant's representations and believed them to be true.

43. Plaintiff relied upon Defendant's false representations in continuing to provide services for Defendant.

44. As a result of Plaintiff's reasonable reliance upon Defendant's false representations, he has suffered, and continues to suffer, substantial damages for which he is entitled to an award of monetary damages and other relief, including, but not limited to, the attorneys' fees and costs that he has incurred, as well as an award of pre- and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that an award be issued in his favor containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate laws of the State of New York;

B. An injunction and order permanently restraining Defendant from engaging in further unlawful activities in violation of the NYLL;

C. An award to Plaintiff for the amount of unpaid wages owed, including interest thereon, and penalties, including liquidated damages, subject to proof at trial;

D. An award of damages in an amount to be determined at trial, plus pre- and post-judgment interest, to compensate Plaintiff for all monetary and/or economic harm, including, but

not limited to, the loss of past and future income, wages, compensation, and other benefits of employment;

  E. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus pre- and post-judgment interest;

  F. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

  G. Such other and further relief, in law or equity, as the Court may deem just and proper.

Dated: March 7, 2014
   New York, New York

Respectfully submitted,

**THE OTTINGER FIRM, P.C.**

By: _/s/ Ariel Graff_
Ariel Y. Graff
Robert W. Ottinger

20 West 55th Street, 6th Floor
New York, New York 10019
Telephone: (212) 571-2000
Facsimile: (212) 571-0505
ari@ottingerlaw.com
robert@ottingerlaw.com

*COUNSEL FOR PLAINTIFF*